**JOSEPH E. THAGGARD**
Assistant U.S. Attorney
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5120
FAX:    (406) 457-5130
EMAIL: joseph.thaggard@usdoj.gov

FILED
GREAT FALLS DIV.

2011 JUL 21 PM 3 34

PATRICK E. DUFFY, CLERK
BY _____
        DEPUTY CLERK

**ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 11- 52 - GF - SEH |
|---|---|
| vs. | **PLEA AGREEMENT** |
| SUSAN ELLEN FASSLER, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure,

the United States of America, by Joseph E. Thaggard, Assistant

1

United States Attorney for the District of Montana, and the Defendant, Susan Ellen Fassler, and her attorney, Jeffry M. Foster, have agreed upon the following:

**1.  Scope:**   This plea agreement is between the United States Attorney's Office for the District of Montana and the Defendant. It does not bind any other federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

**2.  Charges:** The Defendant agrees to plead guilty to the superseding information, which charges the crime of conspiracy to possess methamphetamine with intent to distribute in violation of 21 U.S.C. § 846. The charge carries a mandatory minimum term of five years imprisonment and a maximum punishment of 40 years imprisonment, a $2,000,000 fine, at least four years supervised release, and a $100 special assessment.

At the time of sentencing, the United States will move to dismiss the indictment if the Court accepts this plea agreement.

**3.  Concession of Forfeiture:** The Defendant concedes to the



2    JET    SEF    JMF    7/21/11 Date

forfeiture to the United States of the Defendant's interest in all premises, residences, real property, outbuildings, and improvements located at 2235 Third Avenue North, Great Falls, Montana, which the Defendant concedes were used to facilitate the commission of the offense charged in the superseding information. The Defendant further stipulates to entry of a preliminary order granting forfeiture of the property to the United States.

4. **Nature of the Agreement:** The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The Defendant acknowledges that the agreement will be fulfilled provided a) the United States moves to dismiss, and the Court agrees to dismiss, the indictment and b) makes the recommendations provided below. The Defendant understands that if the agreement is accepted by the Court, and the indictment is dismissed, there will not be an automatic right to withdraw the plea, even if the Court does not accept or follow the recommendations made by the United States.

3



5.  **Admission of Guilt:** The Defendant will plead guilty because the Defendant is in fact guilty of the charge contained in the superseding information. In pleading guilty, the Defendant acknowledges that:

First, between on or about February 1, 2010, and ending on or about September 11, 2010, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and

Second, the Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

Additionally, while not a formal element of the offense, the Defendant acknowledges at least 50 grams of a substance or mixture containing a detectable amount of methamphetamine fell within the scope of the Defendant's agreement with his coconspirators or it was reasonably foreseeable to the Defendant that at least 50 grams of a substance or mixture containing a detectable amount of methamphetamine was involved in the conspiracy.

4 
JET   SEF   JMP   7/21/11 Date

6. **Waiver of Rights by Plea:**

(a) The Defendant is entitled to have the charge outlined in paragraph 1, above, prosecuted by an indictment returned by a concurrence of 12 or more members of a legally constituted grand jury, consisting of not less than 16 and not more than 23 members.

(b) The government has a right to use against the Defendant, in a prosecution for perjury or false statement, any statement that the Defendant gives under oath during plea colloquy.

(c) The Defendant has the right to plead not guilty or to persist in a plea of not guilty.

(d) The Defendant has the right to a jury trial unless the Defendant, by written waiver, consents to a non-jury trial. The government must also consent and the Court must approve a non-jury trial.

(e) The Defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(f) If the trial is a jury trial, the jury would be composed

of 12 laypersons selected at random. The Defendant and defense attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict the Defendant unless, after hearing all the evidence, it was persuaded of the Defendant's guilt beyond a reasonable doubt.

(g) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the Defendant's guilt beyond a reasonable doubt.

(h) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the Defendant. The Defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them. In turn, the Defendant could present

6


JET  SEF  JMP  7/21/11 Date

witnesses and other evidence on the Defendant's own behalf. If the witnesses for the Defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(I) At a trial, there is a privilege against self-incrimination so that the Defendant could decline to testify and no inference of guilt could be drawn from refusal to testify. Or the Defendant could exercise the choice to testify on his or her own behalf.

(j) If convicted, and within 14 days of the entry of the Judgment and Commitment, the Defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the Defendant to reversal of the conviction.

(k) The Defendant has a right to have the District Court conduct the change of plea hearing required by Rule 11, *Federal Rules of Criminal Procedure*. By execution of this agreement, the Defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate

7 

Judge.

The Defendant understands that by pleading guilty pursuant to this agreement, Defendant is waiving all the rights set forth in this paragraph. The Defendant's attorney has explained these rights and the consequences of waiving these rights.

7. **Recommendations:** The United States will recommend the Defendant be given three points for acceptance of responsibility if appropriate under the U.S. Sentencing Guidelines, unless the Defendant is found to have obstructed justice prior to sentencing, USSG § 3C1.1, or acted in anyway inconsistent with the acceptance of responsibility. The parties reserve the right to make any other arguments at the time of sentencing. The Defendant understands that the Court is not bound by this recommendation.

8. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.



8    JET    SEF    JMF    7/21/11 Date

9. **Appeal Waivers:**

a) *Waiver of Appeal of the Sentence– 5K motion*

The Defendant acknowledges that 18 U.S.C. § 3742 affords the Defendant the right to appeal the sentence imposed in this case. Under appropriate circumstances, the United States may move, but has not made any commitment as part of this agreement to move, for a reduction of sentence pursuant to U.S.S.G. § 5K1.1 for a downward departure to reward for any substantial assistance the Defendant has provided or may provide before sentencing. If such a motion is made and the Court accepts the plea agreement, the Defendant hereby waives all right to appeal the sentence imposed by the Court.

If a motion for downward departure is made under U.S.S.G. § 5K1.1, the Defendant also agrees to waive the Defendant's right to collaterally attack the judgment or sentence pursuant to 28 U.S.C. § 2255. This waiver does not prohibit the Defendant from exercising the Defendant's right to pursue or maintain such an action arising from facts not known and not reasonably capable of being known at the time of entry of the Defendant's guilty plea or alleging that the Defendant



9    JET   SEF   JMF   7/21/11 Date

received ineffective assistance of counsel.

The United States emphasizes, and the Defendant again acknowledges, that no such motion is bargained for in this agreement. No commitment to make such a motion has been made as part of the plea agreement, and the Defendant has been made specifically aware that Department of Justice policy does not authorize any individual prosecutor to file such a motion or make such a commitment without express written approval of the U.S. Attorney or a Committee of other prosecutors designated and empowered by the U.S. Attorney to approve such a motion. USAM 9-27.400.

*b) Waiver of Appeal of the Sentence– Rule 35 motion*

The Defendant acknowledges that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed in this case. Under appropriate circumstances, the United States may move, but has not made any commitment as part of this agreement to move, for a reduction of sentence pursuant to Rule 35, *Federal Rules of Criminal Procedure*, for any substantial assistance the Defendant may provide after sentencing. If such a motion is made, the Defendant hereby



10

agrees: (1) to dismiss any appeal then pending or waive objection to a government motion to dismiss the appeal; and (2) to waive all right to appeal the sentence imposed by the Court.

If a Rule 35 motion for reduction of sentence is made and granted by the Court, the Defendant also agrees to waive the Defendant's right to collaterally attack the judgment or sentence pursuant to 28 U.S.C. § 2255. This waiver does not prohibit the Defendant from exercising the Defendant's right to pursue or maintain such an action arising from facts not known and not reasonably capable of being known at the time of entry of the Defendant's guilty plea or alleging that the Defendant received ineffective assistance of counsel.

The United States emphasizes, and the Defendant again acknowledges, that no such motion is bargained for in this agreement. No commitment to make such a motion has been made as part of the plea agreement, and the Defendant has been made specifically aware that Department of Justice policy does not authorize any individual prosecutor to make such a commitment without express written approval of the U.S. Attorney, or a Committee of other prosecutors



designated and empowered by the U.S. Attorney to approve such a motion. USAM 9-27.400.

*c) Waiver of Right to Appeal from Sentence–Guideline Sentence:*

The Defendant acknowledges that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed in this case. If the Court accepts the plea agreement and imposes a sentence within or below an uncontested advisory sentencing guideline range, the parties waive their right to appeal the sentence imposed by the Court.

**10. Voluntary Plea:** The Defendant and the Defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the Defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

**11. Detention/Release After Plea:**

Pursuant to 18 U.S.C. § 3143(a)(2), the Defendant acknowledges that the Defendant will be detained upon conviction unless (A)(I) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted *or* (ii) this agreement provides that the United States will recommend that no sentence of imprisonment be



12

imposed *and* (B) the Court finds, by clear and convincing evidence, that he is not likely to flee or pose a danger to any other person or the community. Then, if exceptional circumstances exist, the Defendant may be released upon conditions.

12. **Breach:** If the Defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the Defendant may not withdraw any guilty plea.

13. **Entire Agreement:** Any statements or representations made by the United States, the Defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. **This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.**

**MICHAEL W. COTTER**
United States Attorney

*[signed]* for

JOSEPH E. THAGGARD
Assistant U. S. Attorney

*[signed]* Susan Ellen Fassler

SUSAN ELLEN FASSLER
Defendant

*[signed]*

JEFFRY M. FOSTER
Defense Counsel

14  JET  SEF  JMF  7/21/11 Date